UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EQUILON ENTERPRISES LLC, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO: 24-749** |
| **BROTHERS LAPALCO LLC ET AL** | **SECTION "H"** |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

Before the Court is Plaintiffs, Equilon Enterprises LLC d/b/a Shell Oil Products U.S. ("Shell") and SEI Fuel Services, Inc. ("SEIF")'s Motion for Civil Contempt and Sanctions (Doc. 9).

On March 23, 2024, Plaintiffs filed a Motion for Temporary Restraining Order and Preliminary Injunction seeking an order restraining Defendants Brothers Lapalco, LLC; Brothers Avondale, LLC; Carol Sue Investments, LLC; and Imad Faiez Hamdan from "selling unbranded non-Shell motor fuel at their retail sites, which sites are signed, identified, marked and branded with the Shell trademark."[1] On March 28, 2034, the Court entered a consent injunction enjoining Defendants "from selling, or permitting the sale of, non-Shell motor fuel products at the retail sites located at 3659 Lapalco Blvd., 2901 US Highway 90, and 2000 Carol Sue Ave., so long as those sites are marked with

---

[1] Doc. 2.

the Shell trademarks and brands."[2] One issue remains unresolved and is set for a preliminary injunction hearing: whether, pursuant to the agreements between the parties, Defendants should be required to connect to the Shell point-of-sale ("POS") credit card system.

On April 9, 2024, Plaintiffs filed the instant Motion for Civil Contempt, alleging that Defendants have violated the injunctive order. Plaintiffs contend that testing done on April 4, 2024 revealed the presence of non-Shell fuel at all three of Defendants' locations. Plaintiffs request a daily fine, award of attorney's fees and costs, and an order requiring Defendants to reconnect to the Shell POS system. This Court held a civil contempt hearing on April 18, 2024 where each party presented evidence.

Having considered the evidence admitted at the hearing and the arguments of counsel, this Court makes the following findings of fact and conclusions of law. To the extent a finding of fact constitutes a conclusion of law, and vice versa, the Court adopts it as such.

## FINDINGS OF FACT

1. Defendants Brothers Lapalco, LLC; Brothers Avondale, LLC; and Carol Sue Investments, LLC; are real estate holding companies that own property at 3659 Lapalco Blvd., 2901 US Highway 90, and 2000 Carol Sue Ave. There are fuel stations and retail sites on each property ("the Fuel Stations"), and Defendants lease those premises to third-party service station operators. Defendants do not operate the stations or sell fuel.
2. Defendant Imad Faiez Hamdan owns Defendants Brothers Lapalco, LLC; Brothers Avondale, LLC; and Carol Sue Investments, LLC, as well as Hamdan Petroleum, LLC, a supplier of Shell fuel.

---

[2] Doc. 8.

3. All of the Fuel Stations are signed, identified, marked, and branded with the Shell trademark.
4. Shell adds certain chemical markers to its fuel so that its fuel can be identified. Authentix, Inc. performed testing on fuel samples taken from each of the Fuel Stations. All but one of the samples received a Fail or Suspect rating because they had an insufficient number of Shell markers.
5. The testing revealed the likely presence of non-Shell fuel in the pumps at the Fuel Stations.
6. The testing is proprietary, and Defendants were not given the opportunity to review or recreate the testing performed by Authentix.
7. All proper procedures were followed in the collection and laboratory testing of the samples.
8. There is no evidence that Shell failed to add the markers to the fuel delivered to the Fuel Stations.
9. Since January 1, 2024, Hamdan Petroleum LLC has been the sole fuel supplier to the Fuel Stations.
10. Since January 1, 2024, Newman Transport has been the sole fuel transporter to the Fuel Stations.
11. The Court found the testimony of David Newman, owner of Newman Transport, to be credible. Mr. Newman testified that his company contacts the Fuel Stations on a daily basis to obtain a readout from the Veeder-Root fuel inventory management system to determine how much fuel is needed at each Station. Mr. Newman testified that his company has transported only Shell-branded fuel to the Fuel Stations.
12. The Bills of Lading and inventory reports show that only Shell fuel was delivered to the Fuel Stations.

13. The operator of the Fuel Stations, Anwar Nagi, testified that he purchases only Shell fuel from Hamdan Petroleum for the Fuel Stations.
14. While Plaintiffs proved that non-Shell oil is present at the Fuel Stations, there was no evidence presented showing that Defendants have permitted the sale of non-Shell fuel at the Fuel Stations.

## CONCLUSIONS OF LAW

1. "[T]he elements of civil contempt are (1) that a court order was in effect, and (2) that the order required certain conduct by the respondent, and (3) that the respondent failed to comply with the court's order."[3] "A consent order, while founded on the agreement of the parties, is nevertheless a judicial act, enforceable by sanctions including a citation for contempt."[4] "Intent is not an issue in civil contempt proceedings; rather, the question is whether the alleged contemnors have complied with the court's order."[5]
2. Proof of contempt at a civil contempt hearing must be "clear and convincing."[6]
3. Civil contempt can be "used to enforce, through coerciveness, compliance with a court's order."[7] "Coercive civil contempt is intended to make the recalcitrant party comply."[8]
4. While the Court finds the results from the testing of samples of fuel from the Fuel Stations to be highly concerning, Plaintiffs did not carry their burden to show by clear and convincing evidence that any Defendant has

---

[3] In re Bradley, 588 F.3d 254, 264 (5th Cir. 2009).
[4] Whitfield v. Pennington, 832 F.2d 909, 913 (5th Cir. 1987).
[5] *Id.*
[6] *Id.*; Am. Airlines, Inc. v. Allied Pilots Ass'n, 228 F.3d 574, 581 (5th Cir. 2000).
[7] Petroleos Mexicanos v. Crawford Enterprises, Inc., 826 F.2d 392, 400 (5th Cir. 1987).
[8] Norman Bridge Drug Co. v. Banner, 529 F.2d 822, 827 (5th Cir. 1976).

permitted the sale of non-Shell fuel at the Fuel Stations in violation of the consent injunction.

New Orleans, Louisiana this 29th day of April, 2024.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**